UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PETER KING,

    Petitioner,

v.                                                        CASE NO. 6:06-cv-1424-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12). Petitioner filed a reply to the response (Doc. No. 17).

Petitioner alleges six claims for relief in his habeas petition: (1) counsel rendered ineffective assistance by failing to allow Petitioner to testify; (2) counsel rendered ineffective assistance by failing to call a witness to testify; (3) counsel rendered ineffective assistance by failing to object to a statement made by the prosecution during closing argument; (4) counsel rendered ineffective assistance by failing to question the victim's competence to testify; (5) counsel rendered ineffective assistance by failing to challenge the

sufficiency of the evidence based on the victim's inconsistent testimony; and (6) the trial court erred in sentencing Petitioner as a sexual predator.

I.      *Procedural History*

Petitioner was charged with attempted sexual battery of a person less than twelve years of age (count one), two counts of lewd or lascivious molestation of a person less than twelve years of age (counts two and three), and lewd or lascivious exhibition (count four). A jury trial was conducted, and Petitioner was found guilty of counts one through three. The trial court acquitted Petitioner of count four. After a sentencing hearing, the trial court sentenced Petitioner to concurrent thirty-year terms of imprisonment to be followed by five years of probation. Petitioner filed a motion to correct sentencing error, which the trial court granted by striking the term of probation. Petitioner appealed his convictions and sentences. The Fifth District Court of Appeal of Florida vacated Petitioner's conviction for one count of lewd or lascivious molestation and remanded the case for resentencing. On remand, the trial court sentenced Petitioner to two concurrent thirty-year terms of imprisonment to be followed by five years of probation. Petitioner did not appeal.

Petitioner filed a state petition for writ of habeas corpus. The state appellate court denied the petition.

Petitioner also filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The trial court denied relief, and Petitioner appealed. The appellate court *per curiam* affirmed.

II.     *Legal Standards*

A.      *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

   B.   *Standard for Ineffective Assistance of Trial Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claim One

Petitioner asserts that counsel rendered ineffective assistance by not allowing him to testify. Petitioner raised this claim in his Rule 3.850, and the trial court denied relief applying *Strickland*. (App. XII at 10-13.) The trial court concluded that Petitioner made the decision not to testify because of his prior felony convictions and Petitioner failed to

5

demonstrate he was prejudiced by counsel's alleged conduct. *Id.* at 10. The trial court's decision was premised on the following interchange:

> The Court: Okay. Mr. King, you can testify in this trial if you want to. You don't have to testify if you don't want to, and there may be good reason to do one or the other, which I will let you speak with your attorney about, but that's a decision that it's time now for you to make. So I'm going to give you a moment to talk with your lawyer about what you want to do. If you choose not to testify, I will tell the Jury that they cannot hold it against you that you made that decision. Do you understand?
>
> The defendant: Um-hum.
>
> The Court: Okay. Mr. Fromang, do you want to have a conversation with your client now . . . .
>
> Mr. Fromang: We're trying to figure out something, Judge. I want to make sure that I got everything in Discovery, such as J&Ss and things like that. I just want to know what the magical number is before I put him on the stand.
>
> The Court: Okay.
>
> Ms. Teany: One, two, three, four, five. I have five J&Ss, right - six.
>
> Mr. Fromang: All felony J&Ss?
>
> Ms. Teany: Actually, it's - this is six.
>
> Whereupon: There was a brief conference between the Defense Attorney and the Assistant State Attorney, then between the Defense Attorney and the defendant, after which the proceedings were as follows:
>
> Mr. Fromang: Judge, based on a discussion with my client, we believe we're going to rely on the insufficiency of the evidence at this point. He's not going to take the stand.

| | |
|---|---|
| The Court: | All right. Mr. King, whatever decision you make is entirely up to you, but I just wanted to make certain that you understood your choices, that you've had an adequate opportunity to speak with the State - or I'm sorry - with your lawyer about that. Okay. |

(App. XII at 10-11) (quoting Tr. Tran. at 272-74). The trial court further noted that the testimony which Petitioner would have given was inadmissible and did not demonstrate a reasonable probability that the outcome of the trial would have been different had he testified. *Id.* at 16.

The record supports the state court's determination. Petitioner was clearly advised that the decision to testify was his and he failed to indicate that he wished to testify. Moreover, the evidence presented at trial included eyewitness testimony that Petitioner was on top of the victim moving up and down and Petitioner's sperm was found on the victim's face and genital area. Accordingly, the Court finds that Petitioner has failed to establish that the state court's determination was either contrary to or an unreasonable application of federal law, and this claim is denied pursuant to § 2254(d).

   B.   *Claim Two*

Petitioner asserts that counsel rendered ineffective assistance by failing to call Sammie Thornton to testify. Petitioner maintains that Thornton would have testified that the victim was known to lie and had told Thornton that Petitioner did not assault her.

Petitioner raised this claim in his Rule 3.850 motion, and the trial court denied relief. The trial court first reasoned that any testimony that the victim was known to lie would have been inadmissible. *Id.* at 16. The court further noted that although such evidence was

inadmissible, defense counsel had successfully attacked the victim's truthfulness during cross-examination.  *Id.* at 17.  The trial court also reasoned that the trial testimony established that Thornton did not witness the offense and that even had he testified that the victim told him that Petitioner did not molest her, Petitioner failed to demonstrate that a reasonable probability existed that such testimony would have resulted in a different outcome.  *Id*.  The state court's decision was based on DNA evidence and eyewitness testimony admitted at trial.  *Id*.

Petitioner's allegations are insufficient to support relief on this claim.  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).  Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. March 7, 1996), *affirmed*, No. 96-15724, 1997 WL 31219 (9th Cir. Jan. 23, 1997).  "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have testified." *Id*.  Petitioner has failed to present evidence of actual testimony or any affidavit of alleged testimony which Thornton would have provided if called to testify.  Petitioner has not made the requisite factual showing.  Petitioner's self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Moreover, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony. The witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw inferences unfavorable to the accused." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted). Petitioner has failed to advance a persuasive argument that trial counsel's decision not to call Thornton was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation. "Reasonably competent trial counsel might well have determined that the best prospect for acquittal lay in discrediting the government's witnesses, rather than presenting additional testimony which could appear to legitimate the government's case or raise questions about the defense not previously suggested by the government's evidence." *Id.* In view of the tactical risks and Petitioner's failure to demonstrate that the witness's testimony would have benefitted his case,[2] the failure to present this witness did not amount to ineffective assistance of counsel. Therefore, this claim is denied pursuant to § 2254(d).

---

[2] Petitioner's failure to demonstrate prejudice is particularly true given the strength of the evidence presented by the State at trial as noted previously.

### C.     *Claim Three*

Petitioner contends that counsel rendered ineffective assistance by failing to object and move for a mistrial when the prosecutor commented in closing that Thornton did not want to get involved.  The specific statement made by the prosecutor was:

> Okay. Sammie Thornton doesn't want to get involved.  I don't
> know how to explain that, members of the jury.  But he's not
> an eyewitness, and we don't need him here to prove the case,
> we have a victim who did tell you what happened.

(App. II at 319.)  Petitioner argues that the prosecutor's statement was an impermissible reference to the defense's failure to call Thornton as a witness.

Petitioner raised this claim in his Rule 3.850 motion.  In denying the claim, the trial court concluded that the prosecutor's statement was an appropriate response to defense counsel's repeated statements alluding that the reason Thornton did not testify was because his sister, who was the victim's grandmother, coerced him not to testify. (App. XII at 19.)  The court noted that the prosecutor's argument was within Florida's legal standard for proper closing arguments.  *Id.*

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987)).  "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant."  *Id.* (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)).

10

Based on the record, this Court finds that the statement to which Petitioner objects was made in response to defense counsel's closing argument and was not improper. The prosecutor was merely responding to defense counsel's references to Thornton's absence at trial. Moreover, the statement was not prejudicial to a substantial right of Petitioner. Viewing the statement in context, the Court concludes that Petitioner has not established that trial counsel was deficient for failing to object to the statement or that he was prejudiced by counsel's failure to do so. Accordingly, claim three is denied pursuant to § 2254(d).

### D.     *Claim Four*

Petitioner asserts that counsel was ineffective for failing to question the victim's competency to testify. Petitioner maintains that the victim did not demonstrate that she could testify truthfully and counsel's failure to question her competency prejudiced the defense.

Petitioner raised this claim in his Rule 3.850 motion. The state trial court denied relief pursuant to *Strickland. See* App. XII at 20. The state court reasoned that Florida law requires the disqualification of a witness if she is "'incapable of expressing . . . herself concerning the matter in such a manner as to be understood'" or is "'incapable of understanding the duty of a witness to tell the truth.'" *Id.* (quoting § 90.603, Fla. Stat.). The state court determined that the record established that defense counsel was aware that the victim was competent to testify given that she was qualified as competent during her

11

deposition testimony. *Id*. As such, the state court concluded that counsel was not ineffective for failing to raise the issue of competence during trial. *Id.*

The record demonstrates that during the victim's deposition, she was questioned about whether she understood the difference between the truth and a lie and she responded affirmatively. *See* App. XII at 4. Moreover, Petitioner has not demonstrated that the victim, who was twelve-years old at the time of trial, was incompetent to testify. Thus, the state court's determination is neither contrary to nor an unreasonable application of federal law, and this claim is denied pursuant to § 2254(d).

### E. *Claim Five*

Petitioner contends that counsel was ineffective for failing to challenge the conflict in the victim's testimony as a basis for granting a judgment of acquittal as a matter of law as to counts one and two. Petitioner maintains that the victim's testimony regarding whether his penis touched her butt was inconsistent and contradictory.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief, finding that the evidence was sufficient to allow the case to go to the jury. *See* App. XII at 21. Specifically, the court noted that the victim's grandmother testified that she saw Petitioner on top of the victim and Petitioner's sperm was found on the victim's genitalia. *Id.* Moreover, the court noted that conflicts in the evidence are issues for the jury to consider in determining the weight to be given to the evidence. *Id.*

Pursuant to Florida law, a motion for judgment of acquittal will be granted if the trial judge determines "'at the close of the evidence for the state or at the close of all the

evidence in the cause . . . [that] the evidence is insufficient to warrant a conviction.'"  *Hudson v. State*, 711 So. 2d 244, 246 (Fla. 1st DCA 1998) (quoting Fl. R. Crim. P. 3.380(a)).  As discussed above, there was sufficient evidence presented as to counts one and two to warrant the denial of a motion for judgment of acquittal.  Moreover, the Court notes that counsel in fact argued that a judgment of acquittal should be granted as to counts one and two based on the victim's testimony, and the trial court denied the motion as to those counts.  *See* App. II at 265-67.  As such, Petitioner has not established that trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal.  Thus, this claim is denied pursuant to § 2254(d).

F.  *Claim Six*

Petitioner asserts that the trial court erred in sentencing him as a sexual predator.  In support of this claim, Petitioner contends that Florida's statutory imposition of the classification of sexual predator without a hearing is unconstitutional.

Petitioner raised this claim in his Rule 3.850 motion.  The state court found that the claim should have been raised on direct appeal and, therefore, was procedurally barred from review.  (App. XII at 21.)

As to this claim of improper sentencing, the Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law.  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-*

*Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). This claim is based exclusively on state law matters. Because this claim raises matters of state law only, it must be denied.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Peter King is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

---

[3] Alternatively, the Court notes that the claim is procedurally barred from review by this Court and Petitioner has not demonstrated the applicability of either exception to the procedural default rule.

**DONE AND ORDERED** at Orlando, Florida, this 23rd day of October, 2008.

Copies to:
sc 10/23
Counsel of Record
Peter King

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE